IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTEN KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24-cv-04494 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| AFFORDABLE DENTURES & IMPLANTS ) | |
| – ALGONQUIN, P.C. d/b/a ADI- ) | |
| ALGONQUIN P.C., ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons stated in the accompanying Statement, Defendant's motion to dismiss Plaintiff's amended complaint [15] is denied.

## STATEMENT

Plaintiff Kristen King brings this action under the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.*, against her former employer, Defendant Affordable Dentures & Implants – Algonquin, P.C. d/b/a ADI-Algonquin P.C. ("ADI – Algonquin"). Specifically, King alleges that ADI – Algonquin discriminated against her based on her disability, failed to accommodate her disability, and retaliated against her for engaging in protected activity under the ADA. Now before the Court is ADI – Algonquin's motion to dismiss King's amended complaint under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 15).

**I.   Background**

For the purposes of the motion to dismiss, the Court accepts all well-pleaded factual allegations in King's amended complaint as true and draws all reasonable inferences from those facts in her favor as the non-moving party. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).[1] The amended complaint alleges as follows.

King has endometriosis, a qualifying disability under the ADA. (Am. Compl. ¶¶ 13–14, Dkt. No. 12.) ADI – Algonquin hired King as an office manager in October 2023. (*Id.* ¶ 11.) The

---

[1] The Court also relies on the exhibits attached to the amended complaint—namely, King's charge-of-discrimination form and right-to-sue letter. *See Federated Mut. Ins. Co. v. Coyle Mech. Supply, Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) ("Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits.'") (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998))).

next month, King notified her employer of a medically necessary surgery scheduled for February 2024. (*Id.* ¶ 15.) In response, her manager exclaimed, "Damn you, I just hired you." (*Id.* ¶ 16.) King reported her manager's response to the human resources department. (*Id.* ¶ 20.) Then, in December 2023, King was the only employee who received a write-up for not calling out of the office, despite the office being closed that day. (*Id.* ¶ 22.) In January 2024, she received another write-up for failing to call out of the office, when it was closed due to a snowstorm. (*Id.* ¶ 23.) A few weeks later, King canceled her surgery because she feared she would lose her job. (*Id.* ¶ 24.) Indeed, King was terminated in February 2024. (*Id.* ¶ 26.)

On March 26, 2024, King filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against ADI – Algonquin, alleging that it discriminated against her and retaliated against her based on her disability. (Ex. A at 2–3, Dkt. No. 12-1.) The EEOC subsequently issued King a right-to-sue letter on May 17, 2024, notifying her of her right to sue ADI – Algonquin within 90 days of receipt of the letter and copying ADI – Algonquin on the letter. (Ex. B. at 2–3, Dkt. No. 12-2.)

Two weeks later, on May 31, 2024, King filed her original complaint in this Court, alleging disability-based discrimination by her employer. (Compl. ¶¶ 1, 9–10, Dkt. No. 1.) In that original complaint, however, she identified her employer as Affordable Care, LLC d/b/a Affordable Dentures & Implants ("Affordable Care"), naming it as the defendant. (*Id.* ¶¶ 8–10.) After Affordable Care moved to dismiss King's original complaint, the Court granted King leave to amend her pleading. (*See* Dkt. Nos. 10, 11.) King then filed the amended complaint on August 29, 2024, this time naming ADI – Algonquin as the defendant and removing Affordable Care from the suit. (*See* Dkt. No. 12.) In response, ADI – Algonquin filed the instant motion to dismiss, arguing that King's claims against it are time-barred.

**II.    Discussion**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). In considering a motion to dismiss, this Court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his or] her favor." *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016) (internal quotation marks omitted).

In seeking dismissal, ADI – Algonquin asserts an affirmative defense: that King failed to file suit within the limitations period. *See* Fed. R. Civ. P. 8(c). Normally, a plaintiff's complaint need not anticipate an affirmative defense such as the statute of limitations to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "The exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing

2

statute of limitations." *Id.* Furthermore, at the motion-to-dismiss stage, dismissal for untimeliness is inappropriate where "there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

To bring a timely claim under the ADA, a plaintiff must first file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred and then file a complaint against the respondent named in the charge within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. §§ 2000e-5(e)(1), (f)(1), 12117(a); *see also McCladdie El v. United Airlines, Inc.*, No. 24 CV 4385, 2025 WL 50641, at *2–*3 (N.D. Ill. Jan. 8, 2025). Because King received her right-to-sue letter on May 17, 2024, she had until August 15, 2024 to file suit against ADI – Algonquin. King timely filed the original complaint on May 31, 2024, but she incorrectly named Affordable Care, not ADI – Algonquin, as the defendant. She did not file her amended complaint naming ADI – Algonquin as the defendant until August 29, 2024—two weeks after the 90-day deadline had passed. Based on the August 29, 2024 filing date, King's claim against ADI – Algonquin would be untimely.

Pursuant to Federal Rule of Civil Procedure 15(c), however, an amendment to a pleading that changes a named party "relates back" to the date of the original pleading under certain circumstances. First, "the amendment [must] assert[] a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint." *Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021) (citing Fed. R. Civ. P. 15(c)(1)). Additionally, within the time for service of summons under Federal Rule of Civil Procedure 4(m), the party added by the amendment must have "received such notice of the action that it will not be prejudiced in defending on the merits" and have "kn[own] or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1). If King's amended complaint satisfies these criteria, then it relates back to the May 31, 2024 filing date of the original complaint and is timely.

### A. Mistake

Neither party disputes that King's original and amended complaints arise out of the same conduct. Thus, the Court proceeds to consider whether King made a "mistake" concerning the identity of the proper defendant within the meaning of Rule 15(c). A plaintiff makes a mistake when she names the wrong party based on "[a]n error, misconception, or misunderstanding," or "an erroneous belief." *Herrera*, 8 F.4th at 497 (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010)); *see, e.g.*, *Watkins v. S. Suburban Major Crimes Task Force*, No. 24 C 3555, 2025 WL 1148472, at *6 (N.D. Ill. Apr. 18, 2025). Likewise, a plaintiff makes a mistake when they take the "wrong action" based on "faulty judgment, inadequate knowledge, or inattention." *Herrera*, 8 F.4th at 498 (quoting *Krupski*, 560 U.S. at 548).

Here, the record supports that King indeed made a mistake when she originally named Affordable Care, and not ADI – Algonquin, as the defendant. To begin, ADI – Algonquin incorrectly suggests that King's act in naming Affordable Care was akin to a plaintiff suing a "John Doe" defendant, a circumstance in which Rule 15(c) does not apply. *See Herrera*, 8 F.4th at 498–99. That is because a plaintiff names John Doe as a defendant when they do not know the

3

actual identity of the person they wish to sue. *Id.* at 497. As opposed to making a mistake, naming a John Doe defendant is a deliberate choice. *See id.* at 498. Nothing in the record here suggests that King made a deliberate choice to name the wrong party in her civil suit.

To contrary, it appears that King knew ADI – Algonquin's identity from the outset but simply mixed up its name with that of another business when she prepared and filed her complaint. Notably, King's allegations in her original complaint match up with the allegations in her EEOC charge against ADI – Algonquin. Given that Affordable Care and ADI – Algonquin have similar business names and share the same address, King's mistake was likely "a typo" or a "misunderstanding . . . as to the proper party's identity. *See Morris v. City of Rockford*, No. 3:20-CV-50384, 2022 WL 7498364, at *6 (N.D. Ill. Oct. 13, 2022). In sum, King took the wrong action—suing Affordable Care—based on confusion or inattentiveness. Her error is more akin to "a mere slip of the pen" than a deliberate choice. *Herrera*, 8 F.4th at 498 (quoting *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011). For purposes of Rule 15(c), the Court finds that King made a mistake concerning the proper defendant's identity.

### B. Knowledge and Prejudice

Next, the Court considers (1) whether ADI – Algonquin knew or should have known that King, had it not been for her mistake, would have sued it originally and (2) whether King's delay in discovering her mistake impaired ADI – Algonquin's ability to defend itself. *See Joseph*, 638 F.3d at 559–60. Notably, ADI – Algonquin does not explicitly argue that it lacked knowledge of King's claim or that it was prejudiced by her delay. But even if it had, those arguments lack any apparent merit.

In deciding whether a party had notice of the claims against it, courts consider "what the prospective defendant knew or should have known . . . , not what the plaintiff knew or should have known." *Herrera*, 8 F.4th at 497 (quoting *Krupski*, 560 U.S. at 548). Here, ADI – Algonquin was named in King's EEOC charge and copied on her right-to-sue letter. Thus, ADI – Algonquin knew that King was pursuing a claim against it for discrimination based on the circumstances now being alleged. *See Mehrberg v. Dep't of Com. & Econ. Opportunity*, No. 18-CV-02032, 2019 WL 2473827, at *3–*4 (N.D. Ill. June 13, 2019) (relying on *Maxey v. Thompson*, 680 F.2d 524 (7th Cir. 1982), to find that the new defendant had notice because it was named in the plaintiff's EEOC charge and copied on the right-to-sue letter). Moreover, while Affordable Care and ADI – Algonquin are not the same business entity, they share an address and legal counsel—the same attorney has represented both Affordable Care and ADI – Algonquin throughout this action. *See Roman v. Jeffreys*, No. 19-CV-07271, 2024 WL 4333287, at *6 (N.D. Ill. Sept. 27, 2024) (applying the "shared attorney" method of imputing notice, where the new defendant "is deemed to have received timely notice of the plaintiff's claims because that person [or entity] is currently being represented by the particular attorney who represents an originally named defendant").

Turning to the second inquiry, there is no reason to believe that ADI – Algonquin has been prejudiced due to King's delay in naming it. The longer a plaintiff's delay in correcting the identity of the defendant, "the likelier the new defendant is to have been placed at a disadvantage in the litigation." *Joseph*, 638 F.3d 555 at 560. In this case, however, only two weeks passed between the 90-day filing deadline and King's amended complaint (and only three months passed

4

between the filing of the original and amended complaints). ADI – Algonquin has not identified any way in which that relatively brief passage of time has hindered its ability to defend itself and the Court discerns none. *See c.f. Stanek v. Saint Charles Cmty. Unit Sch. Dist No. 303*, No. 13-CV-3106, 2017 WL 5971985, at *5 (N.D. Ill. Dec. 1, 2017) (finding no relation back where there had been more than three years of litigation by the time the amended complaint was filed).

  Accordingly, the Court finds that the requirements under Rule 15(c) for the amended complaint to relate back to the timely filed original complaint are satisfied. ADI – Algonquin's motion to dismiss the amended complaint is thus denied.

Dated: July 9, 2025

                  Andrea R. Wood
                  United States District Judge